UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| **JESSE WADE NEWSOM**, <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**, <br><br> Defendant. | Case No. 1:17-cv-0411 (CRC) |

## MEMORANDUM OPINION

Federal inmate Jesse Wade Newsom has filed what he styles as a habeas petition under 28 U.S.C. § 2241. He challenges his 2015 conviction for being a felon in possession of a firearm by attacking the constitutionality of 18 U.S.C. § 3231, a 1948 law that confers jurisdiction on federal district courts.[1] For quite separate reasons, the Court *is* without jurisdiction over Newsom's petition, and will therefore dismiss it.

First, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). But as specified in his petition, and as confirmed by the Court through a Federal Bureau of Prisons inmate search, Newsom is currently incarcerated at the FCI Englewood correctional

---

[1] Newsom argues that the bill was passed in violation of the U.S. Constitution's Quorum Clause. See Art. I, § 5, cl. 1. Newsom is not the first to press (unsuccessfully) this argument. See Cardenas-Celestino v. United States, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008) (describing a "rash of frivolous claims" grounded in the same argument, and collecting dozens of cases at the district and appellate level rejecting the claims as without merit). Even if there were jurisdiction over Newsom's claims, then, the Court would dismiss them for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b).

institution in Littleton, Colorado. The Court accordingly lacks jurisdiction over Newsom's § 2241 petition.

Nor would the Court have jurisdiction over Newsom's claims if his petition were construed as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: Only the sentencing court has jurisdiction to resolve such claims. See 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a [federal] court . . . may move *the court which imposed the sentence* to vacate, set aside or correct the sentence.") (emphasis added). And as confirmed by the criminal docket number listed in the caption of his petition, Newsom was sentenced in the District of Montana, not in this Court. See Judgment, United States v. Newsom, No. 4:15-cr-00041, ECF No. 37 (D. Mont. Jan. 7, 2016).[2]

Finally, the Court would also lack jurisdiction over Newsom's petition if it were to construe it as one under § 2255's "savings clause," which permits a federal prisoner to file a § 2241 habeas petition where a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). As with any § 2241 habeas petition, only Newsom's *custodial* court would have jurisdiction to adjudicate such a claim. See Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000).

The Court will therefore dismiss Newsom's petition. An appropriate Order accompanies this Memorandum Opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: April 25, 2017

---

[2] Indeed, as was proper, Newsom separately moved and was denied § 2255 relief in that court. See United States v. Newsom, No. 4:15-cr-00041, 2016 WL 5854198 (D. Mont. Oct. 6, 2016). Accordingly, even if this Court had jurisdiction over Newsom's claims, they would have to meet the requirements for "second or successive" petitions. See 28 U.S.C. § 2255(h).